IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| THE MUSCOGEE (CREEK) NATION,<br><br>*Plaintiffs*,<br><br>v.<br><br>OPTUMRX, INC.; OPTUM, INC.; OPTUM RX HOLDINGS, LLC; UNITED HEALTHCARE SERVICES.; AND UNITEDHEALTH GROUP, INC.,<br><br>*Defendants*. | Case No. CIV-23-261-RAW-GLJ |

### ORDER

Before the Court is Magistrate Judge Gerald Jackson's Report and Recommendation [Dkt. No. 68] on UnitedHealth/ Optum Defendants' Motion to Stay Proceedings Pending Arbitration Pursuant to Section 3 of the Federal Arbitration Act [Dkt No. 34]. Both parties timely objected to the Report and Recommendation. *See* Defendants' Objection Dkt. No. 69; and Plaintiff's Objection Dkt. No. 70.

### STANDARD OF REVIEW

The district court must conduct a de novo review of the magistrate judge's report and recommendation if a party objects to the magistrate's findings. 28 U.S.C. § 636(b)(1); *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir.1996) ("De novo review is required after a party makes timely written objections to a magistrate's report. The district court must consider the actual testimony or other evidence in the record and not merely review the magistrate's report and

1

recommendations.") The court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). De novo review requires the district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation. *Id*.

### FACTUAL AND PROCEDURAL BACKGROUND

The present case arises out of Plaintiff, Muscogee Creek Nation's ("Plaintiff or Muscogee Nation") contractual relationship with OptumRx. Dkt. No. 2, p.3. Two documents govern the relationship between the parties: The Pharmacy Network Agreement ("PNA") and the Provider Manual. The PNA requires the parties to resolve "any and all issues and/ or disputes… including, but not limited to all questions of arbitrability, the existence validity, scope, interpretation, or termination of the agreement[.]" Dkt. No. 68 at 2-3. The Provider Manual also states that "the arbitrator(s) shall decide any and all questions regarding arbitrability or the formation, scope, validity, and/ or interpretation of the parties' agreement to arbitrate." *Id*. ("The Delegation Provision"). Plaintiff filed a petition alleging that the Defendants failed to pay reimbursement claims in violation of the Recovery Act. Dkt. No.2. Defendants filed a Motion to Stay pending arbitration based on the arbitration agreement laid out in the PNA and the Provider Manual. [Dkt. No. 34]. Magistrate Judge Jackson recommended that the Motion be Granted and that the parties are required to initiate arbitration within twenty one (21) days of this Court adopting the Report and Recommendation. Both the Plaintiff and the Defendants have objected to the Report and Recommendation. *See* Defendants' Objection Dkt. No. 69 and Plaintiff's Objection Dkt. No. 70.

### PLAINTIFF'S OBJECTION

Plaintiff objected to the Report and Recommendation arguing that the Magistrate "erred in delegating threshold questions regarding the existence of an enforceable arbitration agreement to

the arbitrator". Dkt. No. 70 at p. 1. Plaintiff also raised three other objections: the Magistrate incorrectly concluded that the Recovery Act does not preclude enforcement of the arbitration agreement; the Muscogee Nation properly challenged the delegation clause in its briefing; and the Plaintiff did not clearly and unmistakably delegate the question of arbitrability to the arbitrator. Dkt No. 70.

The Magistrate Judge concluded that the contractual language requiring "'arbitration of any and all issues and/ or disputes'" including "'all questions of arbitrability including, the existence, validity, scope, interpretation or termination of the contract'" constitutes clear and unmistakable evidence that the parties agreed to submit the question of arbitrability to the arbitrator. *See* Dkt. No. 68 at 5-6. Magistrate Judge Jackson also determined that the Plaintiff did not adequately challenge the delegation provision because its arguments were aimed at the issue of arbitration as a whole. Dkt. No. 68 at 9-10. This Court has reviewed the entire record and the Magistrate's decision is well grounded in the facts of the case and relevant case law. We agree with the Magistrate Judge's determination that the contract delegates the question of arbitrability to the arbitrator and that Plaintiff did not adequately challenge the delegation provision.

Magistrate Judge Jackson's Report and Recommendation is also consistent with this Court's holdings regarding the same contractual language when that language was similarly challenged by the Chickasaw Nation. *Chickasaw II*, 2022 WL4624694, at *3. Therefore, based on a de novo review of the briefing, Plaintiff's Objection to the Report and Recommendation [Dkt. No. 70] is OVERRULED.

**DEFENDANTS' OBJECTION**

Defendants' only objection to the Report and Recommendation is to the requirement that the parties commence arbitration within twenty one (21) days or the Court will reopen the case to

3

further the Court's control of its docket. Dkt. No. 69 at 1. Defendants argue that under the Federal Arbitration Act ("FAA"), staying the lawsuit while the case is arbitrated is not discretionary and the Court does not have the power to require the parties to lift the stay if the parties do not initiate arbitration. Dkt. No. 69 at 1. Further, Defendants argue that it is Plaintiff's obligation to initiate arbitration and the Defendants would effectively be penalized if the Plaintiff's fail to initiate arbitration and the stay is lifted. *Id.* Defendants add that Judge Jackson's recommendation would encourage the Plaintiff to refuse to initiate arbitration in the hopes of avoiding the process altogether and that the Court's inherit power to control its docket does not allow the Court to place such a limitation on the stay. Dkt. No. 69 at 9 citing to *C.Itoh & Co. (Am)* v. *Jordan Int'l Co.*, 552 F.2nd, 1231 (7th Cir. 1997).

In response, the Plaintiff points out that this Court retains jurisdiction over the matter during the stay and that Courts have vacated a stay when the defendant seeking the stay hindered the progress of arbitration. Dkt. No. 71 at 3 citing *Miller* v. *Aacon Auto Transp., In*c., 545 F.2d 1019, 1020 (5th Cir. 1977). As the Plaintiff notes, a party may not misuse a stay for the purposes of delay and like an injunction, a stay may be "modified or dissolved in the discretion of the court when conditions have so changed that it is no longer needed or is rendered inequitable". *Morris* v. *Morgan Stanley & Co.*, 942 F.2d 648, 654 (9th Cir. 1991). Considering both parties are insisting that it is not their obligation to initiate arbitration, Magistrate Judge Jackson correctly concluded that there should be a limited time to initiate arbitration in the interest of avoiding abuse or delay. Therefore, the Court OVERRULES Defendants' objection. Dkt. No. 69.

In sum, after a de novo review, the Court determines that the Report and Recommendation [Dkt. No. 68] is well supported by the evidence and prevailing legal authority and it is hereby affirmed and adopted as this Court's findings and Order. Defendants' Motion to Stay Proceedings

Pending Arbitration Pursuant to Section 3 of the Federal Arbitration Act [Dkt. No. 34] is hereby GRANTED and this action will be STAYED administratively pending the outcome of any arbitration proceedings.

**IT IS SO ORDERED** this 15th day of August 2024.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**